UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DERICO FULLER, | | |
| | Petitioner, | Case No. C20-1744-TSZ-MLP |
| v. | | |
| ANDREW COOPER, Acting Warden, FCI Sheridan, | | REPORT AND RECOMMENDATION |
| | Respondent. | |

Petitioner Derico Fuller is currently confined in the minimum security camp at the Federal Correctional Institution (FCI) in Sheridan, Oregon. He has submitted to this Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner asserts in his petition that he is eligible to receive earned time credits under the First Step Act for institutional programing, but the Bureau of Prisons (BOP) has denied his request to apply such credits towards his pre-release custody. (Dkt. # 4 at 3-4.)

A § 2241 petition for writ of habeas corpus must "be addressed to the district court which has jurisdiction over [the petitioner] or his custodian." *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973));

REPORT AND RECOMMENDATION
PAGE - 1

*see also United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). While the physical presence of the petitioner is not necessary, at a minimum, jurisdiction must exist over the petitioner's custodian. *Subias v. Meese*, 835 F.2d 1288, 1289 (9th Cir. 1987) (citing *Fest v. Bartee*, 804 F.2d 559, 560 (9th Cir. 1986) and *Giddings*, 740 F.2d at 772). "Without such jurisdiction, we have no authority to direct the actions of the restraining officials." *Subias*, 835 F.2d at 1289. This Court has no jurisdiction over Petitioner's current custodian whom Petitioner identifies as Andrew Cooper, the Acting Warden at FCI Sheridan.[1] (Dkt. # 4 at 1.)

Under the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." *See e.g. Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). Given the nature of Petitioner's claims, it appears that it would be in the interest of justice to transfer this case to the court having jurisdiction over Petitioner's custodian. Accordingly, this Court recommends that this action be transferred to the United States District Court for the District of Oregon. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

---

[1] It appears likely that Petitioner filed his federal habeas petition here because this is the Court in which he was convicted and sentenced. *See United States v. Derico Fuller*, CR17-324-JLR. However, because Petitioner is challenging the manner in which his sentence is being executed by the BOP, and not the sentence itself, the petition must be addressed to the district court in the district where he is confined. *See Giddings*, 740 F.2d at 772.

REPORT AND RECOMMENDATION
PAGE - 2

motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 15, 2021**.

DATED this 21st day of December, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3